UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELVIN EUGENE BENNETT, JR.,

    Plaintiff,

v.                                  Case No: 2:17-cv-582-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Melvin Eugene Bennett Jr.'s Complaint, filed on October 20, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disabled widower's benefits and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I. **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    A.    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On July 11, 2014, Plaintiff filed an application for supplemental security income and for widower's insurance benefits. (Tr. at 79, 206-218). Plaintiff initially asserted an onset date of June 1, 2013, but later amended the onset date to February 20, 2015. (*Id.* at 30, 206). Plaintiff's application was denied initially on August 29, 2014 and on reconsideration on December 12, 2014. (*Id.* at 79, 88, 99, 110). Administrative Law Judge Yvette N. Diamond ("ALJ") held a hearing on August 11, 2016. (*Id.* at 28-69). The ALJ issued an unfavorable decision on September 16, 2016. (*Id.* at 13-22). The ALJ found Plaintiff not to be under a disability from February 20, 2015, through the date of the decision. (*Id.* at 22).

On August 23, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 20, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 24).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff is the unmarried widower of the deceased insured worker and has attained the age of 50. (Tr. at 15). The ALJ also found that Plaintiff met the non-disability requirements for disabled widower's benefits set forth in the Social Security Act. (*Id.*). Further, the ALJ found that the prescribed period ends on September 30, 2016. (*Id.*). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 20, 2015, the amended alleged onset date. (*Id.* at 16). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "degenerative disc disease and diabetes mellitus (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*).

At step four, the ALJ determined:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), except the claimant can lift and carry twenty pounds

---

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

occasionally and ten pounds frequently; stand and walk for six out of eight hours; and sit for six out of eight hours. The claimant can occasionally climb stairs, balance, stoop, kneel and crouch, but cannot crawl or climb ladders. The claimant cannot reach overhead cannot have concentrated exposure to vibration. The claimant requires the option to stand for an hour and then sit for ten minutes throughout the day.

(*Id.* at 16-17).

The ALJ determined that Plaintiff has no past relevant work. (*Id.* at 19). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 20). The ALJ noted that the vocational expert identified the following representative occupations for an individual with Plaintiff's age, education, work experience, and residual functional capacity ("RFC"): (1) mail clerk, DOT # 209.687-026, light unskilled, SVP 2; (2) inspector, DOT # 559.687-074, light unskilled, SVP 2; (3) office helper, DOT # 239.567-010, light, unskilled SVP 2. (*Id.* at 20).[2] The ALJ concluded that Plaintiff was not under a disability from February 20, 2015, through the date of the decision. (*Id.* at 22).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises two issues. As stated by the parties, they are:

> (1) Whether the ALJ erred by using mechanical application of the Agency's age categories to conclude that Plaintiff was not disabled.
>
> (2) Whether the ALJ erred by denying benefits at step 5 of the sequential evaluation without allowing Plaintiff to confront the vocational expert with respect to probative issues, addressing rebuttal evidence, or acknowledging objections to the vocational testimony.

(Doc. 31 at 5, 17).

### A. The ALJ's Application of the Agency's Age Categories

Plaintiff argues that the ALJ erred in mechanically applying the Medical-Vocational Guidelines ("grids") when Plaintiff was six (6) months and six (6) days shy of turning 55 years of age, which would have placed Plaintiff in the next age category. (Doc. 31 at 7, 14 n.3).[3] If

---

[3] In Plaintiff's initial argument, Plaintiff states that he "was less than six months away from his 55th birthday when the prescribed period ended and date of the ALJ's decision." (Doc. 31 at 7).

5

placed in the higher age category, Plaintiff argues that the results would be a finding of "disabled" in this case. (*Id.* at 7). Thus, Plaintiff seeks remand for the ALJ to consider Plaintiff's borderline age situation. (*Id.* at 8).

The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (*Id.* at 10). The Commissioner also argues that the ALJ did not use the grids to direct a finding that Plaintiff was not disabled, used the Grids only as a framework for her decision, and obtained the assistance of a vocational expert to determine whether other work existed that Plaintiff could perform. (*Id.* at 11).

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). An ALJ may not exclusively rely on the grids when the "'claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id.* (citations omitted).

To make this finding, the ALJ considers a plaintiff's age to determine the extent to which age affects a plaintiff's ability to adjust to other work. 20 C.F.R. § 404.1563(a). Age generally means chronological age. 20 C.F.R. § 414.1563(a). A person under the age of 50 is classified as "younger'" a person aged 50 to 54 is classified as "closely approaching advanced age," and a person aged 55 or older is classified as "advanced age." 20 C.F.R. § 404.1563(c)-(e); 416.963(c)-(e).

---

In Plaintiff's Reply section, Plaintiff corrected this misstatement and states that he was "6 months and 6 days away from turning 55." (*Id.* at 14 n.3).

The Eleventh Circuit "has proscribed the mechanical application of the Grids 'on the basis of a claimant's age, in order to establish conclusively a claimant's adaptability to a new work environment.'" *Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 846 (11th Cir. 2017) (citing *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987)). The regulations provide:

> We will not apply the age categories mechanically in a borderline situation. If you are within a *few days to a few months* of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563 (emphasis added).

In addition, if a plaintiff seeks the borderline age treatment, then the plaintiff must also show additional adversities, such as an additional impairment that infringes upon the plaintiff's occupational base, such as illiteracy in English, limited education, or a history of unskilled work in an isolated industry all of which justify the use of a higher age category. *Huigens*, 718 F. App'x at 846.[4]

The first step in the analysis requires a determination as to whether the plaintiff's age is within a few days or a few months of a higher age category. 20 C.F.R. § 404.1563. In this case, the parties agree that the proper date is from the date of the ALJ's decision, September 16, 2016. (Tr. at 22; Doc. 31 at 11-12, 14 n.3). Here, Plaintiff was born on March 22, 1962, was 51 years of age on the alleged onset date and was 54 years old of the date of the decision. (*Id.* at 19). To be precise, Plaintiff was 6 months and 6 days away from turning 55 years of age on the date of the ALJ's decision.

---

[4] The Court acknowledges that Plaintiff argues that he had additional adversities such as marginal education and no past relevant work. (Doc. 31 at 9). The Court does not reach this issue because it finds that for other reasons, the ALJ did not err by failing to explicitly conduct a borderline regulation analysis.

There is no bright line rule to determine how many months is considered "borderline." *Dubyna v. Colvin*, No. 8:13-CV-1966-T-TGW, 2014 WL 4660363, at *7 (M.D. Fla. Sept. 17, 2014). However, the predominant view is that six months from the next age category is the outer limit. *Id.* (citations omitted). Here, Plaintiff's age did not fall within six (6) months of the higher age category. The Court finds that six (6) months and six (6) days from Plaintiff's fifty-fifth birthday is more than a "few days" or a "few months" from the next age category as of the date of the ALJ's decision. *See id.* Consequently, the Court finds that the ALJ did not err in failing to explicitly conduct a borderline age analysis.

Moreover, even cases cited in Plaintiff's brief do not demonstrate that Plaintiff is in a borderline situation. *Compare, e.g.*, *Rogers v. Comm'r of Soc. Sec.*, No. 6:12-CV-1156-ORL-GJK, 2013 WL 5330452, at *3 (M.D. Fla. Sept. 23, 2013) (11 days borderline); *Roark v. Comm'r of Soc. Sec.*, No. 6:14-CV-84-ORL-37TBS, 2015 WL 1288140, at *6 (M.D. Fla. Mar. 20, 2015) (28 days borderline); *Bowman v. Colvin*, No. 1:15-CV8-MP/CAS, 2015 WL 13743800, at *11, 17 (N.D. Fla. Aug. 20, 2015), *report and recommendation adopted*, No. 1:15-CV-00008-MP-CAS, 2015 WL 5898313 (N.D. Fla. Oct. 8, 2015) (one month borderline); *McCauley v. Colvin*, No. 3:15-CV-144-J-MCR, 2016 WL 836689, at *3 (M.D. Fla. Mar. 4, 2016) (69 days borderline); *McShane v. Comm'r of Soc. Sec.*, No. 8:15-CV-677-T-JSS, 2016 WL 836690, at *5 (M.D. Fla. Mar. 4, 2016) (2 months borderline), *with Dubyna*, 2014 WL 4660363, at *4 (7 months not borderline); *see also Highland v. Comm'r of Soc. Sec.*, No. 5:15-CV-430-OC-GKSPRL, 2016 WL 4487911, at *4 (M.D. Fla. Aug. 4, 2016), *report and recommendation adopted*, No. 5:15-CV-430-OC-GKSPRL, 2016 WL 4487866 (M.D. Fla. Aug. 24, 2016) (5 months not borderline).

Further, the argument that the ALJ should have applied the advanced age category in this case fails for the additional reason that the ALJ did not rely exclusively on the grids to make her determination. *Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635 (11th Cir. 2007); *see also Dubyna*, 2014 WL 4660363, at *7-8. As explained above, when a plaintiff is unable to perform a full range of work at a given functional level or has non-exertional impairments that significantly limit basic work skills, then an ALJ must not exclusively rely on the grid and should consider the testimony of a vocational expert. *Miller*, 241 F. App'x at 635 (citing *Walker*, 826 F.2d at 1002-3).

Here, the ALJ determined that although the grids would support a finding of "not-disabled" at step 5 if Plaintiff could perform all or substantially all of the requirements of light work, in Plaintiff's case, the ability to perform a full range of light work was impeded by additional limitations. *Id.*; (Tr. at 20). The ALJ accepted the vocational expert's testimony that there are jobs that exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Tr. at 20). As such, the ALJ did not rely exclusively on the grids in making her decision and, therefore, arguably a determination of whether Plaintiff "was a person of advanced age or closely approaching advanced age was not necessary." *Miller*, 241 F. App'x 631, 635; *Dubyna*, 2014 WL 4660363, at *8.

For the foregoing reasons, the Court finds that the ALJ did not err in failing to explicitly conduct a borderline age regulation analysis. Further, the Court finds that Plaintiff has failed to establish that he could not perform the work identified by the vocational expert. Finally, the Court also finds that the ALJ's decision is supported by substantial evidence.

### B. ALJ's Consideration of Plaintiff's Objections to the Vocational Expert's Testimony

Plaintiff argues that the ALJ failed to properly address three (3) of Plaintiff's objections regarding the vocational expert's testimony and ultimately relied upon this testimony to deny benefits. (Doc. 31 at 17). Plaintiff claims that the ALJ was aware of these objections as she denied other objections raised by Plaintiff. (*Id.*). Plaintiff argues that the ALJ did not address the following three (3) objections:

> (1) the jobs identified in response to the hypothetical, which permitted a sit/stand option, would be in violation of SSR 00-1c; (2) the jobs identified by the vocational expert (that were ultimately relied upon by the ALJ to deny benefits) are no longer performed at an unskilled level based upon up-to-date and reliable information; and, (3) all three of the jobs identified, as defined in the DOT/SCO, exceed the limitation in the hypothetical for no overhead reaching. Tr. 282-85.

(*Id.* at 17-18).

The Commissioner responds that the ALJ adequately considered and appropriately overruled Plaintiff's objections to the vocational expert's testimony at the hearing and his written objections to the vocational expert's testimony submitted at the conclusion of the hearing. (*Id.* at 29). The Commissioner claims that two of Plaintiff's current objections "essentially quarrel with the basis for the VE's testimony, appear to assume that the VE's knowledge is static and based entirely on the DOT, or rely on Plaintiff's lay interpretation of vocational data sources (Tr. 280-86)." (*Id.*). The Commissioner further claims that Plaintiff's third objection "is based on an ultracrepidarian conflation of ADA and Social Security disability concepts and is thus wholly devoid of merit." (*Id.*).

The Court addresses Plaintiff's three (3) objections in turn below.

1. **Jobs With Sit/Stand Option**

Plaintiff argues that he raised the objection that the "jobs permitting a sit/stand option such as the one included in the hypothetical (and ultimately included in the RFC) were not appropriately relied upon at step 5 because the sit/stand option is a workplace accommodation." (Doc. 31 at 22).

In the hypothetical to the vocational expert, the ALJ states, "please assume an individual who has the physical ability to do the following with the claimant's age, education[,] and work experience and these limitations: . . . someone who needs the option to change positions between sitting and standing as follows: Someone who needs to – who is able to stand for one hour and then needs to sit for ten minutes throughout the day." (Tr. at 62). The vocational expert testified that Plaintiff could not return to his past relevant work, but based on this hypothetical, the vocational expert testified that there are other jobs in the national economy Plaintiff could perform. (*Id.* at 62-63).

The Court finds that in certain circumstances a sit/stand option may be a workplace accommodation, but in this case, the ALJ included this limitations in the hypothetical to the vocational expert. As such, the vocational expert listed jobs that included the sit/stand option in their description. Thus, an employer would not be required to make an accommodation for Plaintiff to change from sitting to standing because it is included within the description of the listed jobs. Therefore, the Court finds that the ALJ did not err in determining that Plaintiff was capable of performing the jobs listed by the ALJ that included a sit/stand option. Further, even if the ALJ erred in failing to address this objection, the error was harmless because the sit/stand option was included in the identified jobs. *Pichette v. Barnhart*, 185 F. App'x 855, 856 (11th Cir. 2006) (finding that a remand is not warranted when an ALJ commits harmless error).

### 2. Jobs Listed as Unskilled

Plaintiff argues that he raised an objection to the jobs listed by the vocational expert because even though the DOT lists them as unskilled, "they do not appear to be unskilled anymore based upon updated information provided by the [U.S.] Department of Labor." (Doc. 31 at 23).

In the decision, the ALJ states:

> I have considered the claimant's objections to the vocational expert's testimony (Exhibits 11E; 12E). However, after reviewing the entire case record and considering the vocational expert's testimony, I overrule the objection regarding reliance on the Dictionary of Occupational Titles. Firstly, the portion of the Code of Federal Regulations cited addresses an individual's ability to perform their prior work based on familiarity with the specific processes of a given job, and does not in itself suggest significant changes in the physical or mental demands of that job.
>
> Additionally, despite the citations to Appellate Court decisions and proposed changes to policy, the Code of Federal Regulations indicates that the characterizations within the DOT are reliable job information (20 [C.F.R. §] 404.1566( d); 20 [C.F.R.§] 416.966( d)). Therefore, I take administrative notice of this information. Moreover, the vocational expert also has direct experience with various jobs in the national economy through labor market analysis, job placement, and vocational evaluation, supplementing her use of the DOT (Exhibit 10E). . . .
>
> I have considered the reasonable explanation for the vocational expert's testimony and possible conflicts with information contained in the Dictionary of Occupational Titles. The vocational expert is able, under SSR 00-4p, to provide information from professional experience and job placement or counseling. The vocational expert has vocationally relevant experience as noted in his resume and discussed above in detail. Furthermore, the vocational expert does not need to be qualified as a statistician before testifying about the number of jobs available in the national economy from information produced by reliable government sources. Social Security Administration regulation requires me to take administrative notice of reliable job information available from various publications, including the Dictionary of Occupational Titles and other government sources, used by the vocational expert in this case (SSR 00-4p; 20 CFR 404. l 566(d) and 416.966(d)).

(Tr. at 20-21).

The Court finds that the ALJ did consider Plaintiff's objections to the ALJ's reliance on the DOT in her decision. Specifically, the ALJ stated that she considered Plaintiff's objections

and overruled Plaintiff's objections as to the reliance on the DOT. (*Id.* at 20). In addition, the ALJ supported her determination by citing to the Code of Federal Regulations that indicates that the characterizations within the DOT are reliable. (*Id.* at 21). The ALJ further explained that the vocational expert has experience with various jobs in the national economy and the vocational expert's testimony supplemented that of the DOT. (*Id.*).[5]

Accordingly, the Court finds that the ALJ broadly addressed Plaintiff's objection to the vocational portion of the decision. Further, even if the ALJ did not directly address Plaintiff's objection that the identified jobs are no longer performed at the unskilled level, the Court finds that the error is harmless because the ALJ explained her reliance on the DOT as supplemented by the vocational expert and, thus, the ALJ's decision is supported by substantial evidence. *See Pichett*, 185 F. App'x at 856.

### 3. Jobs Performed With No Overhead Reaching

Plaintiff argues that he objected to the vocational expert's testimony that the jobs identified could be performed with the limitation of no overhead reaching, which was one limitation included in Plaintiff's RFC. (Doc. 31 at 28). Plaintiff claims that the jobs identified by the vocational expert and adopted by the ALJ include either frequent or constant reaching pursuant to the Selected Characteristic of Occupations ("SCO"). (*Id.*). Thus, Plaintiff argues the ALJ was required to consider his objection and explain the "obvious inconsistency with the DOT and SCO." (*Id.* at 28-29).

---

[5] The Court also notes that Plaintiff states, "[t]o be clear, and before the Defendant asserts otherwise, Plaintiff agrees that the VE's testimony is consistent with the information in the *DOT*; further, Plaintiff does not dispute that the *DOT* is an administratively-recognized source of information, or even that it is central to the Agency's consideration of vocational issues." (Doc. 3 at 25).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). "The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips*, 357 F.3d at 1242. An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there are jobs that exist in the national economy that a claimant can perform. *Winschel*, 631 F.3d at 1180. If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

In addition, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). Thus, an ALJ must ask the vocational expert whether a conflict between his or her testimony and the DOT exists and must ask for an explanation if there appears to be a conflict. *Id.* at 1363. Moreover, whenever a conflict is apparent, the ALJ is required to ask the vocational expert about it. *Id.* An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when

they are not identified by a party, and resolve them." *Id.* at 1363. This is an independent obligation of the hearing examiner. *Id.*

In the instant case, in the hypothetical to the vocational expert, the ALJ included the limitation of no overhead reaching. (Tr. at 62). Based upon the hypothetical, the vocational expert testified that an individual with claimant's age, education, and prior work experience with the limitations posed by the ALJ – including no overhead reaching – could perform the jobs of mail clerk, inspector, and office helper. (*Id.* at 62-63). The ALJ confirmed with the vocational expert that her testimony was consistent with the DOT and the SCO. (*Id.* at 64). The ALJ adopted the vocational expert's findings regarding the identified jobs. (*Id.* at 20).

The ALJ explicitly found:

The vocational expert's testimony is well-supported, uncontradicted, and consistent with the Dictionary of Occupational Titles except with regard to any non-exertional limitations that are not specifically addressed by the DOT (SSR 00-4p ). The vocational expert relied upon her nearly twenty years of education and experience in assessing the vocational impact of such restrictions. Thus, I accept her testimony as an accurate representation of the claimant's vocational status.

(*Id.*). Further, the ALJ relied on the vocational expert's testimony due to her professional knowledge and experience "as well as reliance on job information available from various government publications or other publications of which the Social Security Administration takes notice." (*Id.* at 21).

Here, the vocational expert testified that an individual with Plaintiff's age, education, work experience, and limitations – including no overhead reaching – was capable of performing the jobs of mail clerk, inspector, and office helper. (*Id.* at 62-63). Plaintiff concedes that neither the DOT nor the SCO include a requirement as to overhead reaching. (Doc. 31 at 28). Further, Plaintiff claims that the SCO "does not distinguish between overhead reaching and reaching in other directions, but, in any event, even if the reality of these positions is that they require less

than frequent *overhead* reaching, the ALJ was required at the *very* least to 'obtain a reasonable explanation' for the conflict between the SCO descriptions and the vocational expert's testimony." (*Id.*) (emphasis in original).

The Court finds that Plaintiff does not articulate a conflict between the DOT and the vocational expert's testimony or the SCO and the vocational expert's testimony. As stated by Plaintiff, at most the DOT and SCO provide a requirement for reaching in general, but do not include any mention of overhead reaching. (Doc. 31 at 28). Thus, the Court finds that there is no apparent conflict in this case that the ALJ is required to address in the decision. Accordingly, in this case, the Court finds that the ALJ properly relied on the vocational expert's testimony that an individual with the limitation of no overhead reaching is capable of performing the jobs of mail clerk, inspector, and office helper. Further, even if the ALJ erred in not specifically addressing this objection, the Court finds that the error is harmless. *See Pichett*, 185 F. App'x at 856.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 1, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties